# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# JASPER DIVISION

| | |
|---|---|
| ASHA KAY COLEMAN, | ) |
|     Plaintiff, | ) |
| vs. | )    CV 11-J-2894-J |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) |
|     Defendant. | )<br>) |

## MEMORANDUM OPINION

This matter is before the court on the record and briefs of the paties.  This court has jurisdiction pursuant to 42 U.S.C. § 405.  The plaintiff is seeking reversal or remand of the final decision of the Commissioner.  All administrative remedies have been exhausted.

Plaintiff filed her application for Disability Insurance Benefits and Supplemental Security Income on July 20, 2007, alleging a disability onset of April 5, 2003,[1] due to problems from blurred vision, high blood pressure, problems with digestive and reproductive systems, degenerative disc disease, hole in heart, and strokes with numbness in left arm.  (R. 37, 127)  The applications were denied initially.  The Administrative Law Judge issued a partially favorable

---

[1] Plaintiff now argues that she was disabled on any date from June 10, 2007, forward to March 31, 2008, and then to the current date.  Plaintiff's memorandum (doc. 11) at 14.

decision dated March 31, 2010, finding that plaintiff was not disabled prior to October 2, 2008, but became disabled on October 2, 2008. (R. 11-26) The ALJ's determination became the final decision when the Appeals Council denied plaintiff's request for review. (R. 1-3)

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of its review is limited to determining: 1) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and 2) whether the correct legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 401, 91 S. Ct. 1420, 28 L. Ed. 843 (1971); *Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988). The court may not decide facts, reweigh evidence, or substitute its judgment for that of the Commissioner. *See Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). However, this limited scope does not render affirmance automatic,

> for "despite [this] deferential standard for review of claims ... [the] court must scrutinize [the] record in its entirety to determine the reasonableness of the decision reached." *Bridges v. Bowen*, 815 F.2d 622 (11th Cir. 1987).

*Lamb*, 847 F.2d at 701. Moreover, failure to apply the correct legal standards is grounds for reversal. *See Bowen v. Heckler*, 748 F.2d 629, 634 (11th Cir. 1984).

Based upon the court's evaluation of the evidence submitted to and adduced at the hearing before the Administrative Law Judge and considered by him and the

Appeals Council, the court is satisfied that the decision of the Administrative Law Judge is based upon substantial evidence and that the Administrative Law Judge applied the correct legal standard to each issue presented.  Accordingly, the decision of the Commissioner of the Social Security Administration will be affirmed by separate order.

**DONE** and **ORDERED** this 19th day of April 2012.

_____
INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE